UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIARA NORALS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-03804 |
| ) | |
| v. ) | |
| ) | |
| THE UNIVERSITY OF CHICAGO ) | |
| MEDICAL CENTER, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Ciara Norals ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The University of Chicago Medical Center ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants pregnancy-based discrimination violation of Title VII.

2. This lawsuit further arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Ciara Norals, resided in Cook County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, The University of Chicago Medical Center does business in and for Dupage County, Illinois, whose address is 180 Harvester Drive, Suite 110, Burr Ridge, Illinois 60527.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a Patient Coordinator from on or around September 11, 2023, until she was wrongfully terminated on or around November 21, 2023.

14. Since at least October 20, 2023 through November 21, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Plaintiff is female and at all relevant times was pregnant and thus, a member of a protected class because of her sex (pregnancy) whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. On or around October 20, 2023, Plaintiff informed the Defendant of the plaintiff's pregnancy.

17. Within days of notifying Defending of Plaintiff's pregnancy, Plaintiff experienced disparate treatment by Defendant.

18. Defendant's behavior became intrusive, monitoring Plaintiff's bathroom breaks with a stopwatch, creating an uncomfortable atmosphere due to Plaintiff's pregnancy.

19. Plaintiff's accommodation, such as the ability to go to the bathroom as needed and regularly are reasonable accommodations under the PFWA.

20. Within one month of notification to Defendant and utilizing reasonable accommodations, Plaintiff was terminated.

21. On or around November 21, 2023, Plaintiff was informed of termination under the pretext of the company seeking someone available for full-time hours.

22. Defendant retaliated against Plaintiff for utilizing reasonable accommodations under the PWFA.

23. Plaintiff met or exceeded Defendant's performance expectations during the entire

duration of her employment.

24. Plaintiff was unlawfully terminated because of her sex, (pregnancy) on or around November 21, 2023.

25. Plaintiff was targeted for termination because of her pregnancy.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

26. Plaintiff repeats and re-alleges paragraphs 1- 25 as if fully stated herein.

27. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex (pregnancy), in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

28. Plaintiff met or exceeded performance expectations.

29. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

30. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex (pregnancy).

31. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

32. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

33. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

34. Plaintiff is a member of a protected class under Title VII.

35. During Plaintiff's employment with Defendant, Plaintiff utilized approved accommodations.

36. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

37. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff utilizing approved accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

38. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

39. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

      e.      Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of May, 2024.

                                /s/ *Chad W. Eisenback*
                                **CHAD W. EISENBACK, ESQ.**
                                IL Bar No.: 6340657
                                **SULAIMAN LAW GROUP LTD.**
                                2500 S. Highland Avenue, Suite 200
                                Lombard, Illinois 60148
                                Phone (331) 307 - 7632
                                Fax (630) 575 - 8188
                                ceisenback@sulaimanlaw.com
                                *Attorney for Plaintiff*